United States Courts
Southern District of Texas
FILED

FEB 1 2 2007

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Wei Huang** )<br>        Petitioner, )<br>)<br>    -v- )<br>)<br>**Robert S. Muller,** )<br>        Director of Federal Bureau of )<br>        Investigation, )<br>)<br>**Michael Chertoff,** )<br>        Secretary of the Department )<br>        of Homeland Security, )<br>)<br>**Alberto Gonzales,** )<br>        United States Attorney General, )<br>)<br>**Emilio T Gonzalez,** )<br>        Director of U.S. Citizenship and )<br>        Immigration Services, )<br>        And )<br>)<br>**Evelyn Upchurch,** )<br>        Director of Texas Service Center - U.S. )<br>        Citizenship and Immigration Services, )<br>)<br>        Respondents ) | CIVIL ACTION<br>NO.<br>**H-07-0567** |

## PETITIONER'S FIRST VERIFIED ORIGINAL COMPLAINT
## FOR WRIT OF MANDAMUS

COMES NOW Wei Huang, Petitioner, by and through Pro Se, in the above-captioned matter, and hereby states as follows:

1

1. This action is brought against the Respondents to compel action on the clearly delayed processing of an I-485 Application filed by the Petitioner on June 25, 2004. The application was filed and remains within the jurisdiction of the Respondents, who have improperly handled and delayed processing the application to Petitioner's detriment.

## PARTIES

2. Petitioner, Wei Huang, resides at 12000 Sawmill Rd #2708, The Woodlands, TX 77380, alien number: A98394641, is the applicant and beneficiary of an I-485, Application to Register Permanent Resident or Adjustment of Status, filed with the USCIS on June, 25 2004.

3. Respondent Robert S. Mueller, III, Director of Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of State. As will be shown, Respondent has failed to complete the security clearances of Petitioner's cases.

4. Respondent Michael Chertoff is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC § 1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications for nonimmigrant visas filed pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

5. Respondent Alberto Gonzales is the Attorney General of the United States, and this action is brought against him in his official capacity. The Federal Bureau of Investigation (FBI), which is housed within the Department of Justice and subject to the authority of the Attorney General, is responsible for certain background check required for immigration.

6. Respondent Emilio T Gonzalez is the Director of the U.S Citizenship & Immigration Services (USCIS) and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii)(B).

7. Respondent Evelyn Upchurch is the Director of the Texas Service Center of the U.S Citizenship & Immigration Services (USCIS), a bureau within the Department of Homeland Security responsible for accepting and adjudicating application for immigration, and is generally delegated by the Secretary of The DHS with supervisory authority over all operations of the USCIS within their service district. Respondent Evelyn

2

Upchurch is the official with whom Petitioner's immigration petition was properly filed and remains pending. 8 CFR § 103.1(g)(2)(ii)(B).

## JURISDICTION

8. Jurisdiction in this case is proper under 28 USC §§ 1391 and 1361, 5 USC §701 et seq., and 28 USC §2201 et seq. Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that Petitioner may request a hearing on the matter in the District where Petitioner resides.

## EXHAUSTION OF REMEDIES

8. The Petitioner has exhausted his administrative remedies. The Petitioner has supplied the USCIS and FBI documents that clearly establish his eligibility to Register Permanent Resident or Adjust Status.

## CAUSE OF ACTION

9. Petitioner properly filed and applied by himself for I-485 (Receipt#: SRC-04-186-51244), Application to Register Permanent Resident or Adjust Status on June 25, 2004. Attached hereto as **Exhibit A** in an acknowledgement document by the USCIS.

10. Petitioner's wife Lu Wang properly filed and applied for I-485 (Receipt#: SRC-04-186-51298), Application to Register Permanent Resident or Adjust Status based on derivative adjustment on June 25, 2004. Attached hereto as **Exhibit B** in an acknowledgement document by the USCIS.

11. Petitioner properly filed the petition of I-140 (NIW) on June 25, 2004. This petition was approved on March 16. 2005. Attached hereto as **Exhibit C** in an approval notice by the USCIS.

12. On September 7, 2005, Petitioner called USCIS and made an inquiry. On September 12, 2005, USCIS responded, stating that the name check of Petitioner was still pending after submission of I-485 for about 14 month. Attached hereto as **Exhibit D.**

3

13. On September 18, 2005, Petitioner made a name check inquiry to FBI via fax. FBI didn't respond. Attached hereto as **Exhibit E.**

14. On September 19, 2005, Petitioner sent the Freedom of Information-Privacy Acts (FOIPA) request to FBI via fax. Attached hereto as **Exhibit F.**

15. On September 21, 2006, Petitioner wrote a letter to Congressman: Kevin Brady, asking for his help on this matter Attached hereto as **Exhibit G.**

16. On October 27, 2005, FBI responded, stating the "no records" responsive to Petitioner's FOIPA request. Attached hereto as **Exhibit H.**

17. On November 17, 2005, Petitioner called USCIS and made an inquiry. On December 10, 2005, USCIS responded, stating that the name check of Petitioner was still pending after submission of I-485 for about 18 months. Attached hereto as **Exhibit I.**

18. On January 18, 2006, Petitioner wrote a letter to Senator John Cornyn, asking for his help on this matter. Attached hereto as **Exhibit J.**

19. On February 15, 2006, Senator John Cornyn wrote a letter to petitioner, stating that the name check of Petitioner was still pending after submission of I-485 for about 20 months. Attached hereto as **Exhibit K.**

20. On July 18, 2006, Petitioner wrote a letter to Senator John Cornyn, asking for his help on name check. Attached hereto as **Exhibit L.**

21. On July 26, 2006, Senator John Cornyn wrote a letter to petitioner, stating that the name check of Petitioner was still pending after submission of I-485 for about 25 months. Attached hereto as **Exhibit M.**

22. On September 1, 2006, Petitioner wrote a letter to Mrs. George W. Bush, asking for her help on name check. Attached hereto as **Exhibit N.**

23. On October 26, 2006, Petitioner sent a fax to Senate Judiciary sub-committee, asking for the help on name check. Attached hereto as **Exhibit O.**

24. On October 26, 2006, Petitioner sent another fax to FBI, asking for the help on name check. Attached hereto as **Exhibit P.**

25. On October 27, 2006, FBI responded to Mrs. Bush's inquiry, stating that the name check of Petitioner was still pending after submission of I-485 for about 28 months. Attached hereto as **Exhibit Q.**

26. On December 15, 2006, Petitioner called USCIS and was told that the name check of

    Petitioner was still pending after submission of I-485 for about 30 months.

27. On December 21, 2006, Petitioner sent a fax to the Director of Texas Service Center: Evelyn Upchurch, asking for the help on name check. Texas Service Center didn't respond. Attached hereto as **Exhibit R**.

28. On January 19, 2007, Senator John Cornyn wrote a letter to petitioner, stating that the name check of Petitioner was still pending after submission of I-485 for about 31 months. Attached hereto as **Exhibit S.**

29. On January, 22, 2006, Petitioner wrote a certified letter to the Director of Texas Service Center: Evelyn Upchurch, asking for the help on this case. Texas Service Center didn't respond. Attached hereto as **Exhibit T**.

30. The visa bulletin is current since May 1, 2006. An immigrant visa is available to the Petitioner at the time of filing this Complaint. Attached hereto as **Exhibit U.**

31. Petitioner learned that it is notorious for USCIS to delay granting of I-485 due to a delayed FBI name check. And one of the only ways an FBI Name Check would be expedited was through a Writ of Mandamus.

32. The Petitioner has been greatly damaged by the failure of Respondents to act in accord with their duties under the law.

    a. Specifically, Petitioner Wei Huang has been unable to obtain legal permanent residence, travel and work without restriction and accrue time to be eligible for Naturalization as a citizen of the United States.
    b. Petitioner's wife: Lu Wang has been unable to obtain legal permanent residence, travel and work without restriction and accrue time to be eligible for Naturalization as a citizen of the United States due to the pending case of principle petitioner Wei Huang.

33. The Respondents, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding action on the Petitioner's application and have failed to carry out the adjudicative functions delegated to them by law with regards to the Petitioner's case.

34. Though the role of Respondents is pivotal in securing the civilians of the United States of America from people planning to do harm on American soil, the Respondents actions in adjudicating the Petitioner's case have clearly gone beyond the expected 120 days to 1 year processing time and have failed to adhere to their own regulations.

35. The Respondents have failed to properly adjudicate this petition. They have failed to adhere to their own regulations and have improperly delayed the processing of the Petitioner's I-485 Application after the Petitioner had submitted a properly executed

application. It has been over 31 months since the Petitioner has filed his I-485 application.

36. Respondents have clearly not adjudicated or enquired on behalf of the Petitioner since June 25, 2004. If the Respondents would have even checked the Name Check inquiry a year later, they would have found out that the Petitioner has had "No Record" or "Hit" in the CRS system. 31 months for a FBI Name Check Clearance when the Petitioner has "No Record" or "Hit" is not right.

37. Respondents have sufficient information to determine Petitioner's eligibility pursuant to applicable requirements and complete the processing procedures. The Petitioner has done everything to get his case Adjudicated but the Respondents have clearly not given the Petitioner any form of relief.

38. Respondents' delay in this case is, as a matter of law, arbitrary and not in accordance with the law. Respondents willfully, and unreasonably, have inappropriately refused to adjudicate the petition, thereby depriving them of the rights to which the Petitioner and derivative beneficiary are entitled.

## PRAYER

39. WHEREFORE, in view of the arguments and authority noted herein, the Petitioner respectfully prays that the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order:

    (a)    requiring Respondents to properly adjudicate Petitioner's application for action on an approved petition;

    (b)    requiring Respondents to provide the Petitioner with a Notice of Approval;

    (c)    requiring Respondents to properly adjudicate Petitioner's wife's application for action on an approved petition;

    (d)    requiring Respondents to provide the Petitioner's wife with a Notice of Approval;

    (e)    awarding petitioner court costs and such other relief at law and in equity as justice may require.

Respectfully Submitted,
Wei Huang

Wei Huang
**PRO SE**
12000 Sawmill RD #2708
The Woodlands, TX 77380
Tel: 713-218-0803
Fax: 832-813-6093
Email: weihuang2004@gmail.com